UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ERIC LEON CHRISTIAN,

        Plaintiff,

vs.

CHRISTOPHER HOYE,

        Defendant.

2:15-cv-00305-RCJ-GWF

**ORDER**

This civil rights case arises out of an alleged illegal detention by the U.S. Marshals Service. Pending before the Court is pro se Plaintiff Eric Leon Christian's Application for Leave to Proceed in Forma Pauperis (ECF No. 1). The Court now screens the Complaint and dismisses it, without leave to amend.

**I.     FACTS AND PROCEDURAL HISTORY**

Judge Mahan of this District adjudged Plaintiff guilty of two counts of making interstate threats after a jury found him guilty of those offenses. The Court of Appeals vacated the conviction, ruling that the district court should not have excluded Plaintiff's proffered expert as to his diminished capacity, and that the district court should have permitted a diminished capacity instruction. The Court of Appeals remanded for a new trial. Judge Mahan dismissed the indictment as moot, because Plaintiff had served his entire sentence during the pendency of the appeal. The United States has appealed that dismissal. Briefing is complete in that appeal, but oral argument has not yet been scheduled.

In the present civil case, Plaintiff has sued Defendant Christopher Hoye of the U.S. Marshals Service based on Plaintiff's detention before and during trial. Some of the allegations

in the Complaint concern trial court error or trial attorney error. The Court will address only the allegation directed against the sole Defendant: "[Defendant] followed the court blindly and kept [Plaintiff] hostage for the entire duration of the courts [sic] illegal hold . . . ." (Compl. ¶ 3, ECF No. 1-2).

## II. LEGAL STANDARDS

Federal courts must conduct a preliminary screening under 28 U.S.C. § 1915(e) in any case in which a Plaintiff seeks to proceed in forma pauperis. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). In its review, a court must dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief can be granted is governed by Rule 12(b)(6), and the court applies the same standard under § 1915. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citing Fed. R. Civ. P. 12(b)(6)). Whenever a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule (a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary

judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

Plaintiff does not allege that Defendant detained him beyond the length of time ordered by the court, but rather that the court itself erred in over-calculating Plaintiff's sentence given the U.S. Sentencing Guidelines (the "Guidelines") and time Plaintiff served before sentencing.  A review of the transcript of the sentencing hearing indicates that Plaintiff's claim is based the fact that Judge Mahan sentenced Plaintiff below the Guidelines range to 13 months imprisonment but that Plaintiff had already served more than that amount of time in pretrial custody.  But there is no allegation that Hoye ever detained Defendant except as ordered to do so by the court.  Even assuming the court's detention orders were in error—which the Court need not decide but notes is unlikely—Plaintiff affirmatively alleges that Hoye is guilty only of obeying them, which is fatal to his claims. *See Hoffman v. Halden*, 268 F.2d 280, 300 (9th Cir. 1959) ("We think the failure of a jailor or keeper to release a prisoner held on a warrant or commitment cannot be the basis for a civil rights action regardless of allegations of malice, motive or intent.  His act is required by law.  Even if the statute were later held void or the conviction later set aside, so long as he acted under authority of the writ or warrant, he was performing a duty which the law at that time required him to perform."), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962).

**CONCLUSION**

IT IS HEREBY ORDERED that the Application for Leave to Proceed in Forma Pauperis (ECF No. 1) is GRANTED, and the Clerk shall DETACH and FILE the Complaint (ECF No. 1-2).

IT IS FURTHER ORDERED that the Complaint is DISMISSED, without leave to amend.

IT IS SO ORDERED.

Dated this 27th day of July, 2015.

_____
ROBERT C. JONES
United States District Judge